**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 04 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10049 |
| Plaintiff - Appellee, | D.C. No. 5:13-cr-00016-RMW-1 |
| v. | |
| LUIS RICARDO PULIDO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Argued and Submitted March 12, 2015
San Francisco, California

Before: WALLACE, M. SMITH, and WATFORD, Circuit Judges.

To determine whether a defendant has been deprived of speedy trial rights

guaranteed by the Sixth Amendment, a court must first determine whether "the

interval between accusation and trial has crossed the threshold dividing ordinary

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

from 'presumptively prejudicial' delay." *Doggett v. United States*, 505 U.S. 647, 651–52 (1972) (quoting *Barker v. Wingo*, 407 U.S. 514, 530–31 (1992)).

Once the defendant makes a showing of presumptively prejudicial delay, the court must weigh four factors: (1) "the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim," *Doggett*, 505 U.S. at 652; (2) "the reason the government assigns to justify the delay," *Barker*, 407 U.S. at 531; (3) "[w]hether and how [the] defendant asserts his right . . . ," *id*.; and (4) "prejudice to the defendant," *id*. at 532.

After concluding that the presumption of prejudice may have been triggered in this case, the district court weighed only two of the *Barker* factors: the prejudice to the defendant and the length of delay. The district court erred in failing to weigh the other two factors. *See id*. at 533. It was particularly important in this case that the district court make a finding regarding the government's reason for the delay. Pulido alleged that the San Jose U.S. Attorney's Office acted pursuant to a policy of depriving state prisoners of their ability to assert speedy trial rights in § 1326 cases. This allegation, if credited, would weigh heavily in the *Barker* analysis. *See id*. at 531 ("A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government.").

We vacate and remand to the district court with instructions to weigh each of the *Barker* factors.

**VACATED AND REMANDED.**